### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

### Case No. 14-CV-62505-WILLIAMS

GLOBAL YACHT FUEL, LLC,

>       Plaintiff,

vs.

M /Y RENA, *et al.*,

>       Defendants.

_____

## ORDER DENYING MOTION TO DISMISS

**THIS MATTER** is before the Court on Defendants' motion to dismiss Plaintiff's complaint [DE 27], to which Plaintiff filed a response in opposition [DE 28], and Defendants filed a reply [DE 29].

### I.      Background

Plaintiff Global Yacht Fuel, LLC ("GYF"), filed this action against Defendants M/Y RENA, M/Y RENA LLC, and Kenneth Bracewell on November 4, 2014 [DE 1]. GYF alleges that it had an ongoing service contract to provide fuel brokerage services to Defendants, and that Defendants materially breached this contract by failing to pay for such services on January 24, 2014 and on February 11, 2014 [DE 1 ¶¶ 10, 23]. Defendants have moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Defendants contend that Plaintiff has failed to adequately allege the existence of a contract, and therefore has failed to state a claim [DE 27 at 1].

## II.     Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Court's consideration is limited to the allegations in the complaint.  *See GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993).  All factual allegations are accepted as true and all reasonable inferences are drawn in the plaintiff's favor, however mere conclusory allegations are not entitled to an assumption of truth.  *See Iqbal*, 556 U.S. at 663; *Speaker v. U.S. Dep't. of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010); *see also Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998).  Although a plaintiff need not provide "detailed factual allegations," a plaintiff's complaint must provide "more than labels and conclusions."  *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted).  "[A] formulaic recitation of the elements of a cause of action will not do."  *Id.*

## III.    Analysis

To state a claim for breach of contract a plaintiff must show "(1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach."  *Rollins, Inc. v. Butland*, 951 So.2d 860, 876 (Fla. 2d DCA 2006); *see also F.W.F., Inc. v. Detroit Diesel Corp.,* 494 F. Supp. 2d 1342, 1360 (S.D. Fla. 2007) aff'd, 308 F. App'x 389 (11th Cir. 2009) (applying admiralty law and stating that "[t]he elements of a breach-of-contract claim are: (1) a valid contract; (2) a material breach; and (3) damages.").  GYF contends that it entered into an ongoing service contract with Defendants on or about August 21, 2008 for Plaintiff to provide "maritime necessaries of the yacht's fuel

by providing yacht fuel brokerage services to Defendants M/Y RENA in exchange for payment." [DE 1 ¶ 10].  Under the contract, payment is due within 30 days of fueling and if payment is not made within 30 days of fueling, a 2% late fee applies monthly until payment is made.  [DE 1 ¶¶ 12-13].  Plaintiff alleges that on January 24, 2014 and February 11, 2014, Plaintiff "provided maritime necessaries of fuel brokerage to Defendants . . . in the amounts of $32,729.00 and $37,875.00, respectively, and has not been paid, despite ongoing demand for same." [DE 1 ¶ 16].  Plaintiff provided several supporting documents in support of its claim.  [DE 1, Ex. A-F].  Plaintiff alleges that Defendants have failed to make payment for the fuel brokerage services and that Plaintiff has suffered damages as a result.  [DE ¶¶ 23-24].  The Court finds that these factual allegations are sufficient to state a claim for breach of contract.

While Defendants place great emphasis on the fact that none of the documents attached to Plaintiff's complaint is a contract, Defendants' emphasis is misplaced.  First, "a Plaintiff is not required to attach a contract to its complaint in order to state a breach of contract claim."  *Curi v. Pershing LLC*, No. 12-20566-CIV, 2012 WL 3042998, at *3 (S.D. Fla. July 25, 2012) (citing *Gulf Coast Produce, Inc. v. Am. Growers, Inc.*, No. 07-80633-CIV, 2008 WL 660100, at *2 (S.D. Fla. Mar. 7, 2008)).  Additionally, as Plaintiff argues, the attached documents are intended to evince "a continuing relationship (as evidenced by the Information Sheet (DE 1, Exhibit B) setting out the parties and the terms, as well as the specific invoices (Exhibit E & F) and the transaction or receivables owed . . . ." [DE 28 at 4].  The Court finds that Plaintiff has put forth sufficient facts to plausibly state a claim.  To the extent that Defendants' motion is based on the argument that the contract is unenforceable because it lacks essential terms, fails to evince a

meeting of the minds, or, in fact, lacks consideration, or for any other reason, such defenses are appropriately raised at summary judgment.

Accordingly, Defendants' motion to dismiss [DE 27] is **DENIED.** Defendants shall file a response to Plaintiff's complaint within **10 days of this Order.** In addition, by **November 2, 2015,** the Parties shall file a joint pre-trial conference report and a joint proposed scheduling order, as required by S.D. Fla. Local Rule 16.1(b). As part of that filing, the Parties shall complete and submit the attached form proposing deadlines.

**DONE AND ORDERED** in Chambers at Miami, Florida this _13th_ day of October, 2015.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. XX-XXXXX-CIV-WILLIAMS**

PARTY NAME,

      Plaintiff(s),

vs.

PARTY NAME,

      Defendant(s).

_____/

## <u>SCHEDULE JOINTLY PROPOSED BY THE PARTIES</u>

THIS MATTER is set for trial for the week of [Month, Day, Year].  The Parties propose to adhere to the following schedule:

| [Month, Day, Year] | The Parties shall furnish lists with names and addresses of fact witnesses.  The Parties are under a continuing obligation to supplement discovery responses with ten (10) days of receipt or other notice of new or revised information. |
| --- | --- |
| [Month, Day, Year] | The Parties shall file motions to amend pleadings or join Parties. |
| [Month, Day, Year] | The Plaintiff shall disclose experts, expert witness summaries and reports, as required by Federal Rule of Civil Procedure 26(a)(2). |
| [Month, Day, Year] | The Defendant shall disclose experts, expert witness summaries and reports, as required by Federal Rule of Civil Procedure 26(a)(2). |

[Month, Day, Year]        The Parties shall exchange rebuttal expert witness summaries and reports, as required by Federal Rule of Civil Procedure 26(a)(2).

[Month, Day, Year]        The Parties shall complete all discovery, including expert discovery.

[Month, Day, Year]        The Parties shall complete mediation and file a mediation report with the Court.

[Month, Day, Year]        The Parties shall file all dispositive pre-trial motions and memoranda of law.

[Month, Day, Year]        The Parties shall file any motions to exclude expert testimony based on Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).[1]

[Month, Day, Year]        The Parties shall file a joint pre-trial stipulation, as required by Local Rule 16.1(e) and final proposed jury instructions. Joint proposed jury instructions or conclusions of law (for non-jury trials) shall outline: 1) the legal elements of Plaintiff's claims, including damages; and 2) the legal elements of the defenses that are raised.

[Month, Day, Year]        The Parties shall submit their deposition designations.

[Month, Day, Year]        The Parties shall file witness and exhibit lists and all motions *in limine*. The witness list shall include only

---

[1] This deadline must be at least 6 weeks prior to calendar call.

those witnesses the Parties actually intend to call at trial and shall include a brief synopsis of their testimony. The exhibit lists shall identify each witness that will introduce each exhibit.

By:        **[Attorney(s) for Plaintiff(s)]**            **[Attorney(s) for Defendant(s)]**